# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| BEINTOO, INC.,<br>a New York Corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>EES INTERACTIVE, INC.,<br>a Georgia Corporation,<br><br>       Defendant. | 1:14-cv-982-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Beintoo, Inc.'s ("Bientoo")
Motion for Entry of Judgment of Default for a Verified Sum Certain ("Motion for
Entry") [5].

## I. BACKGROUND

Plaintiff claims that Defendant failed to pay amounts due and owing for
breach of an agreement in which Defendant EES Interactive, Inc. ("EES") agreed
to pay Beintoo for placing advertising content on mobile devices for EES.  EES
was invoiced for the services provided but failed to pay any of the invoices
tendered for the services Bietoo provided.  Bientoo brought this action for the
amounts invoiced to EES and which EES failed to pay.  They also seek attorney's

fees and costs.  EES failed to answer the Complaint filed by Bientoo and has not otherwise participated in this litigation.

## II.   DISCUSSION

A.   <u>Legal Standard</u>

Rule 55(b) of the Federal Rules of Civil Procedure governs the entry of default judgments:

(1) *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due— must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.*  In all other cases, the party must apply to the court for a default judgment . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

"The entry of a default judgment is committed to the discretion of the district court . . ." <u>Hamm v. DeKalb Cnty.</u>, 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2685 (1983)).  "In

considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

B.     Analysis

1.     *Liability*

In its Complaint, Bientoo seeks default judgment for the specific amounts invoiced to EES for services provided by Bientoo.  It also seeks its attorney's fees and costs as supported by the affidavit offered by Bientoo's counsel.  Having not answered the Complaint or the Motion for Entry of Judgment, the Court accepts the allegations and evidence discussed in them as true.

2.     *Damages*

The Court may only award damages for default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985).  Under such circumstances, the record must "adequately reflect[] the basis for award via  . . . demonstration by detailed affidavits establishing the necessary facts." Id. at 1544.  "[A] plaintiff must also establish that the amount is reasonable under the circumstances." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Bientoo seeks default judgment based on invoices it tendered to EES for payment and which EES failed to pay.  It also seeks its reasonable attorney's fees and costs to prosecute this action and to seek default against EES.  The Court concludes that the amount sought in damages by Bientoo is an amount that is "capable of mathematical calculation" and that the amount of damages reasonable to assess against EES is the principal amount of $196,964.18 with allowed interest through July 21, 2014, in the amount of $48,057.45 for a total damage amount of $245,021.63.

The Court further concludes that the attorneys fees requested are uncontroverted by EES and are otherwise based on hourly rates reasonable in this area for the performance of legal services and the legal services rendered are reasonable for attorneys of like skill and experience.  The Court concludes that reasonable fees in the amount of $5,400.00 and costs in the amount of $490.00 will be awarded to Bientoo.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Beintoo, Inc's ("Bientoo") Motion for Entry of Judgment of Default for a Verified Sum Certain [5] is **GRANTED** and

judgment is entered in favor of Bientoo and against EES for damages in the amount of $245,021.63, and reasonable attorney's fees and costs in the amount of $5,890.00, for a total judgment in the amount of $250,911.63, plus any interest that may later accrue and to which Bientoo can establish it is entitled.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff against Defendant for $4,400.00 in statutory damages.

**SO ORDERED** this 23rd day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE